UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELERICO,<br><br>　　　　Defendant. | Case No. 14-mc-80237-WHO<br><br>**ORDER REGARDING PRE-FILING REVIEW; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

On February 15, 2006, Judge Patel declared plaintiff Vance Elliot a vexatious litigant and required him to obtain leave of court "before filing any motion, complaint, or other papers involving any claims that have been the subject of or are related to claims in [that] action." *Elliot v. Marsh*, No. 04-cv-01600. This order concerns (1) a complaint that Elliot sought to file on August 15, 2014 and that was sent to this Court for pre-filing review pursuant to Judge Patel's vexatious litigant order, and (2) Elliot's application to proceed in forma pauperis. For the reasons discussed below, the Clerk shall FILE Elliot's complaint and assign this action a civil case number, Elliot's request to proceed in forma pauperis is GRANTED, and his complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

### I.   PRE-FILING REVIEW

Elliot's complaint is hard to decipher, but it is apparent that its allegations concern matters that were not the subject of *Elliot v. Marsh* and are not related to any claims in that action. In *Marsh*, Elliot accused the sole defendant, John Marsh, "of posing as a minister of the First Unitarian Universalist Church and using the collection dish to pilfer more than $100,000." *Marsh*, No. 04-cv-01600, Dkt. No. 31 (internal quotation marks omitted). Elliot also alleged that Marsh

1  assaulted "the Intern Rali" and conspired to murder an unnamed third party. *Id.*

2      The sole named defendant in this action is Dr. Telerico, who is described in the complaint
3  as a doctor at the Veterans Affairs ("VA") Medical Center at Fort Miley. Dkt. No. 1. Elliot
4  accuses Dr. Telerico of amputating the big toe on his right foot without first obtaining his consent.
5  *Id.* This alleged incident is no way connected to the facts and claims underlying *Marsh*. Elliot's
6  complaint is beyond the scope of the pre-filing review order, and Elliot does not need leave of the
7  Court to file it. Accordingly, the Clerk is instructed to FILE Elliot's complaint and to assign this
8  action a civil case number.

9  **II.   APPLICATION TO PROCEED IN FORMA PAUPERIS**

10      When presented with an application to proceed in forma pauperis, a court must first decide
11  whether the applicant satisfies the economic eligibility requirements of 28 U.S.C § 1915(a). *See*
12  *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). The court must then determine
13  whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2). *Id.* Section 1915(e)(2) requires
14  dismissal of a case prosecuted by a litigant proceeding in forma pauperis if the court determines
15  "at any time" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief
16  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
17  relief." 28 U.S.C. § 1915(e)(2).

18      Elliot satisfies the economic eligibility requirements of section 1915(a), and his application
19  to proceed in forma pauperis is GRANTED.

20      Having reviewed Elliot's complaint, however, I find that it fails to state a claim for relief
21  and must be dismissed under section 1915(e)(2). The complaint is handwritten, and much of it is
22  illegible and/or incomprehensible. To the extent that the complaint can be understood, Elliot
23  appears to accuse Dr. Telerico of amputating the big toe on his right foot without first obtaining
24  his consent. Elliot alleges that he was "unconscious from the moment the ambulance in which
25  [he] was transported entered [the medical center] until [he] woke up," at which point he was
26  "horrified [to] see that [his] big toe was missing." Dkt. No. 1. He states that he was told that Dr.
27  Telerico amputated the big toe because it was gangrenous, but that in fact Dr. Telerico performed
28  the amputation "maliciously and for his own amusement," and because, "as a diagnosed

United States District Court
Northern District of California

schizophrenic, [Elliot] is regarded by both staff and employees of the [medical center] as something less than human, and in this case as a guinea pig." *Id.* Elliot states that between the time that he stepped on a piece of glass in his room until the time of the operation, not enough time passed "for the bacteria to invade the wound, nor was [there] any sign of dead tissue caused by that invasion." *Id.* He seeks $100,000 in damages but does not identify under what statute or legal theory he brings his claims.

"[M]edical malpractice claims may be based on negligence, . . . [o]r they may be based on alleged lack of consent, therefore qualifying as batteries." *Levin v. United States*, 133 S. Ct. 1224, 1231 (2013). Because it is not clear which of these two theories provides the basis for Elliot's claims, I consider both.

To the extent that Elliot's claims are based on negligence, they are barred by 38 U.S.C § 7316 and the Federal Tort Claims Act ("FTCA"). Section 7316 "confers immunity on medical personnel of the Department of Veterans Affairs." *Levin v. United States*, 133 S. Ct. 1224, 1234 (2013). It does this by limiting a claimant's remedies for personal injuries "arising from malpractice or negligence of a health care employee of the [Veterans Health] Administration in furnishing health care or treatment while in the exercise of that employee's duties" to those available under the FTCA.[1] *See* 38 U.S.C. § 7316(a)(1); *see also Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) ("The VA Immunity Statute," i.e., section 7316, "applies the remedy available against the United States under the FTCA to damages arising from the provision of medical services by health care employees of the VA.").

"The FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of

---

[1] Section 7316 defines "health care employee of the [Veterans Health] Administration" as

> a physician, dentist, podiatrist, chiropractor, optometrist, nurse, physician assistant, expanded-function dental auxiliary, pharmacist, or paramedical (such as medical and dental technicians, nursing assistants, and therapists), or other supporting personnel.

38 U.S.C. § 7316(a)(2).

[United States] employees." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (internal quotation marks omitted). "However, the Act further provides that before an individual can file an action against the United States in district court, he must seek an administrative resolution of his claim." *Id.* (internal quotation marks and alterations omitted).[2] This administrative exhaustion requirement "is jurisdictional [and] must be strictly adhered to." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (internal quotation marks omitted). Where an FTCA claimant fails to establish that he properly exhausted his administrative remedies, his claims must be dismissed. *See, e.g., id.* at 502-03 (affirming dismissal of FTCA claim for failure to exhaust administrative remedies); *Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992) (same).

Under these principles, Elliot's complaint is fatally flawed because it contains no allegations indicating that he exhausted his administrative remedies. Moreover, the only proper party defendant in an FTCA action is the United States. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (affirming dismissal of FTCA claims against federal agency and federal official); *accord Freeman v. United States*, No. 13-cv-02421-WHO, 2014 WL 1117619, at *5 (N.D. Cal. Mar. 19, 2014) (dismissing with prejudice FTCA claims against VA Medical Center and several individual defendants); *McAllister v. United States*, No. 11-cv-03858-MEJ, 2013 WL 2551990, at *2-3 (N.D. Cal. June 10, 2013) (noting that courts have "dismissed individual defendants [from FTCA actions] where no other basis for jurisdiction exists except the FTCA")

---

[2] Specifically, 28 U.S.C. § 2675 provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . .

28 U.S.C. § 2675(a)

(citing cases). Elliot's complaint names Dr. Telerico as the sole defendant, not the United States. These deficiencies – i.e., failure to establish exhaustion of administrative remedies and failure to name the United States as a defendant – require the dismissal of Elliot's complaint to the extent that it is based on negligence. *See Sanders v. Schneider*, No. 09-cv-00673, 2009 WL 3878285, at *1-2 (W.D. Wis. Nov. 18, 2009) (pursuant to section 7316 and the FTCA, dismissing claims arising from allegedly inadequate medical treatment received at VA hospital because "the United States is the only proper defendant in an action under the [FTCA]," and because the plaintiff "fails to make any showing that he exhausted his administrative remedies as required by 28 U.S.C. § 2675"); *Hickerson v. V.A.R.O.*, No. 08-cv-01515, 2009 WL 7808950, at *3 (S.D. Tex. May 11, 2009) (for same reasons, dismissing claims arising from treatment at VA medical center)

Elliot's claims also fail to the extent that they are based on alleged lack of consent or battery. Unlike the immunity conferred by the FTCA – which does not extend to battery or the other intentional torts enumerated in 28 U.S.C. § 2680(h) – the immunity conferred by section 7316 applies even to claims for battery and other intentional torts. *See* 38 U.S.C. § 7316(f); *see also Ingram*, 728 F.3d at 1245-46, 1248-49 (noting that 28 U.S.C. § 7316(f) "expands [28 U.S.C. § 7316(a)(1)] to provide a remedy under the FTCA for intentional torts arising in the context of VA health care employees providing medical care or treatment"). "In other words, [28 U.S.C. § 2680(h)] does not bar application of the FTCA to intentional tort claims arising out of the conduct of VA medical personnel" acting within the scope of section 7316. *Ingram*, 728 F.3d at 1246 (internal alterations omitted); *see also Levin*, 133 S. Ct. at 1234-35 (noting that 28 U.S.C. § 7316(f) "expresses Congress's intent to abrogate [28 U.S.C. § 2680(h)]" for the purposes of section 7316). The upshot is that even if Elliot means to recover on a theory of battery as opposed to negligence, his claims are still governed by the FTCA and are still barred for the reasons stated above.

## CONCLUSION

For the foregoing reasons, the Clerk shall FILE Elliot's complaint and assign this action a civil case number. Elliot's request to proceed in forma pauperis is GRANTED, and his complaint is DISMISSED. The Clerk shall assign the case directly to me instead of through the ordinary

1  case assignment process.  Although I am skeptical that Elliot will be able to cure the pleading

2  deficiencies discussed above, in light of his pro se status I will allow him leave to amend.  He shall

3  file his amended complaint, if any, on or before August 7, 2015.

4  **IT IS SO ORDERED**.

5  Dated: July 8, 2015



WILLIAM H. ORRICK
United States District Judge